■ IRVING NOSOWITZ, Appellant, v. 75-76 POLK AVENUE CORPORATION, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County,

dated April 9, 1969, in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. Plaintiff, a tenant in a building owned by defendant, was injured while attempting to change a fuse in the basement of the building when the stool upon which he was standing suddenly collapsed, precipitating him to the concrete floor. The basement was not part of the demised premises but was located in a separate part of the building, in the boiler room. The record would permit the jury to find that the stool had been supplied by defendant's agent after several tenants, including plaintiff and his employee, had complained of the dangerous condition of a ladder previously used to reach the fuse box. The record reveals that other tenants had access to the area in question and that at least one other tenant had used the stool for the purpose of changing a fuse. No proof of negligence other than the happening of the accident was proffered by plaintiff. The stool itself apparently disappeared from the basement after the accident and defendant's employee testified that the remains of the stool were probably removed by cleaning men. In this state of the record the trial court dismissed the complaint on the ground that plaintiff had failed to demonstrate that the instrumentality which caused the injury was in the "exclusive control" of defendant. In our opinion, plaintiff established a prima facie case. "The requirement of exclusive possession and control is not an absolutely rigid concept. It implies that the possession and control of the defendant over the instrumentality are of such a character that the probability that the negligent act was caused by someone other than the defendant is so remote that it is fair to permit an inference that the defendant is the negligent party" (*Cameron* v. *Bohack Co.*, 27 A D 2d 362, 364). "The exclusive control requirement is thus subordinated to its general purpose, that of indicating that it *probably* was the defendant's negligence which caused the accident" (*Corcoran* v. *Banner Super Market*, 19 N Y 2d 425, 432 [emphasis in original]). In the instant case the only persons who had access to the basement were employees of defendant and tenants who had the right to enter to change their fuses. The jury could have found that defendant had supplied the stool for the precise purpose of permitting these parties to stand upon it to reach their fuse boxes. The evidence was uncontradicted that plaintiff's fuse box was located in such a position on the wall that an object to stand upon was a necessity if the box were to be reached. It makes no difference that defendant may have been under no duty to supply such an object since the jury could find that it chose to do so. Defendant then was under an affirmative duty to use reasonable care to see that the stool it provided was safe for the purpose for which it was to be used (Prosser, Torts [3d ed.], § 63, pp. 418-420). The fact that other tenants could have used or did use the stool for the intended purpose does not render its sudden collapse under normal usage less susceptible of an inference of defendant's negligence (cf. *Kane* v. *Jack & Betty Realty Corp.*, 14 A D 2d 885). Accordingly, on this record, the jury was free to find that defendant was at all times in possession and control of the area in question; that defendant supplied this stool for the use of its tenants; that plaintiff was lawfully in the area and was injured while properly employing the stool thus furnished to him by defendant; and that the collapse of the stool was an accident which does not ordinarily occur in the absence of negligence. The fact that other parties similarly had been invited to use the stool does not so weaken the inference of defendant's negligence with respect to this particular kind of accident as to render the above-mentioned doctrine inappli-

cable. On the new trial, of course, defendant will be free to prove that it was not in possession and control of the area in question or that the accident occurred due to the negligence of a third party. Christ, Acting P. J., Rabin, Hopkins and Brennan, JJ., concur; (Beldock, P. J., deceased.)