■ VITO BARTOLOTTI et al., Respondents, v EDWARD PETRILLO, INC., Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., defendant Edward Petrillo, Inc., appeals from an interlocutory judgment of the Supreme Court, Westchester County, dated March 30, 1976, which is in favor of plaintiffs and against it, upon a jury verdict, after a trial limited to the issue of liability only. Interlocutory judgment affirmed, with costs. On May 7, 1968 plaintiff Vito Bartolotti (plaintiff) was injured when the cable supporting the boom of a Northwest 25 Crane snapped and the crane fell on the cab of the Northwest 80-D tractor-shovel which plaintiff was operating at the time of the accident. The accident took place in appellant's storage and maintenance yard; it is uncontroverted that at the time of the accident appellant owned the crane. Suit was instituted in October, 1968. Appellant's answer (verified Nov. 11, 1968) to the original complaint and its answer (served in April, 1971) to the amended complaint, admitted (by failure to deny) the allegations of the complaint and the amended complaint that at the time of the accident appellant controlled and maintained the crane. At the inception of the trial (March, 1976) appellant moved to amend its answer so as to correct this "inadvertent" pleading admission and to deny control. The court denied the motion but left the question of control for the jury to resolve. We note that

(1) although other allegations of appellant's answer indicated that appellant would contend that plaintiff was in the employ of Petmar Builders, Inc., and that at the time of the accident the crane was being operated by plaintiff's fellow Petmar employee, the motion to amend was not made until approximately eight years after the accident and commencement of suit and (2) sometime after the accident and prior to the time of trial, the subject broken cable was buried under asphalt paving in appellant's yard. In our opinion, under the circumstances of this case, the Trial Judge's disposition of appellant's motion to amend was well within the ambit of his discretion and in fact was fair to both sides because, rather than treating the subject admission as conclusive, he submitted the issue of control to the jury as a question of fact. We find that plaintiffs made out a prima facie case on the theory of *res ipsa loquitur*, that the case was properly submitted to the jury on that theory, and that the evidence was sufficient to support the verdict. (Cf. *Corcoran v Banner Super Market,* 19 NY2d 425, 21 NY2d 793; *Smith v Jay Apts.,* 33 AD2d 624, mot for lv to app den 26 NY2d 609; *Nosowitz v 75-76 Polk Ave. Corp.,* 34 AD2d 648.) Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.