■ JOHN WILLIAMS, JR., Appellant, v SWISSOTEL NEW YORK,

INC., et al., Respondents.—Judgment of the Supreme Court, New York County (John Dier, J.), entered on June 8, 1988, which dismissed plaintiff-appellant's complaint at trial for failure to prove a prima facie case, unanimously reversed, on the law, the motion to dismiss is denied, the complaint is reinstated, and the matter is remanded for a new trial, with costs to abide the event.

Plaintiff-appellant John Williams alleges that he was injured when an elevator at the Drake Hotel fell nine stories and abruptly stopped just below the lobby floor landing, throwing him to the floor and against the wall. Hospital records from the date of the alleged occurrence indicate that he suffered a ruptured spleen and five broken ribs.

At trial, appellant testified to his version of how the elevator fell and how his injuries occurred. Plaintiff also called Mr. Lawrence Betz, an officer of defendant-respondent P.S. Elevator, Inc., which serviced the elevator under contract, who testified as an expert witness. Mr. Betz testified that it was physically impossible for the accident to have occurred as related by plaintiff in light of the existence of safety features and findings of an inspection conducted after the accident that revealed an absence of telltale markings on the elevator cable that would have been present had such an accident occurred.

At trial, appellant's attorney requested that the court issue an order precluding examination of appellant's proposed expert witness, Mr. Joseph Ferranti, about a case in which Mr. Ferranti had testified as a witness and in which he had also testified before a Grand Jury. When the court declined to issue such an order of preclusion, Mr. Ferranti ran from the courtroom and was unavailable and unwilling to testify as plaintiff's expert witness.

Appellant's counsel requested a continuance to obtain another expert witness, but the court denied the application and dismissed the complaint for failure to prove a prima facie case, despite appellant's stated intention to rest and rely upon the doctrine of res ipsa loquitur. The court stated, "[t]here is no evidence in the record, whatsoever, about this elevator falling, and that is the whole theory here, upon which you want me to apply the doctrine of res ipsa loquitur."

We believe that the testimony of appellant as to how the elevator fell is sufficient evidence, if found credible by the trier of fact, to support the application of the doctrine. If the occurrence as related is believed, it alone is sufficient to support an inference of both negligence and causation. (See,

*Burgess v Otis Elevator Co.,* 114 AD2d 784, 787, *affd* 69 NY2d 623.) Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ.