■ ROGER M. ROSENBERG et al., Appellants, v ROCKVILLE CENTRE SOCCER CLUB, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the

plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered May 16, 1989, which, upon granting the defendants' respective motions for summary judgment, dismissed the complaint and all cross claims.

Ordered that the judgment is affirmed, with one bill of costs.

The defendants met their burden of sufficiently establishing, as a matter of law, entitlement to summary judgment in their favor. Once a prima facie showing has been made, the burden shifts to the opposing party who "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact * * * or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562). General allegations of negligence, merely conclusory and unsupported by competent evidence, are insufficient to defeat a motion for summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). In this case, the plaintiffs' papers in opposition to summary judgment are fatally deficient with respect to the issue of causation, i.e., what in fact caused the infant plaintiff to cut his foot while playing soccer. The plaintiffs' conclusion that the infant plaintiff's injury was caused by a piece of glass or very sharp object on the field is unsupported by any probative evidence in admissible form and amounts to sheer conjecture and speculation. "[S]peculation as to what would 'doubtless' appear at the trial is patently inadequate to establish the existence of a factual issue requiring a trial" (Zuckerman v City of New York, supra, at 563).

In addition, the doctrine of res ipsa locquitur is inapplicable since the infant plaintiff's injury was of the type which could occur in the absence of someone's negligence (see, Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.