■ ANTHONY DUKE et al., Appellants, v DUANE BROAD Co. et al., Respondents.—Motion granted to extent of recalling and vacating this Court's unpublished decision and order (Appeal No. 44288) entered on December 24, 1991, and substituting in its place a new decision and order decided simultaneously herewith.

Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on July 25, 1990, which after a jury trial, dismissed the complaint, unanimously modified, on the law, to the extent of reinstating the complaint as against all defendants except Admiral Elevator Corp., and the matter is remanded for a new trial, with costs to abide the event.

The plaintiffs-appellants seek damages for personal injuries alleged to have resulted from an overspeed condition during which the elevator in which they were riding fell approximately six stories until the governor stopped it abruptly. In a bifurcated trial on the issue of liability only, the jury returned a verdict of no liability against all defendants on a theory of negligence. Defendants include the building owner, its managing agent, and the elevator service company that maintained the elevator pursuant to contract. The trial court charged *res ipsa loquitur* with respect to the elevator maintenance company, but refused to charge *res ipsa* with respect to the owner defendants. We hold that the Trial Judge should have charged *res ipsa* with respect to all defendants, and therefore reverse

and remand for a new trial, against all defendants except Admiral Elevator Corp.

The elevator alleged to have malfunctioned was installed in 1916. It utilized a now obsolete water hydraulic pump system for its hoist mechanism. The trial testimony revealed that three pumps in the basement of the building forced water into pressure tanks as old as the building. From there the water fed into thousands of feet of pipe and a complex system of valves that operated the hoist mechanism for the elevator. The unrebutted testimony of defendant Admiral's witnesses showed that the maintenance of the tank, pump, and piping was not the responsibility of Admiral under its contracts, except to the extent that Admiral had replaced any specific components of that system.

The probable explanation offered at trial for the overspeed condition was that a particle of dirt or slag that had accumulated in the piping system broke loose and became lodged in the down acceleration valve holding that valve open. The elevator then went on safety and the governor stopped the car, but not before it had plunged almost six stories. An inspection of the valve after the accident did not reveal the presence of any slag, but testimony revealed that it could have become dislodged. No other explanation was offered at trial for why the overspeed condition occurred.

In charging the jury with respect to the owner defendants, the Trial Judge refused to charge *res ipsa,* and instead charged that to find the owner defendants negligent, the jury had to find that the owner had notice of prior problems in connection with that elevator, either dealing with downward speed or with another problem that would have made a problem with downward speed foreseeable. The court charged further that to find the owner negligent, the jury would have to find that knowledge of safety problems with this elevator made the accident foreseeable, that a reasonably prudent owner would have taken the elevator out of service or replaced it, and that failure to do so proximately caused plaintiffs' injuries.

We hold that plaintiffs are entitled to a new trial against the owner defendants because the Trial Judge erroneously refused to charge *res ipsa* with respect to the landlord defendants *(see, Williams v Swissotel N. Y.,* 152 AD2d 457; *Burgess v Otis Elevator Co.,* 114 AD2d 784, *affd* 69 NY2d 623).

The following three elements are generally required for application of *res ipsa:* (1) the event must be a kind which

ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff *(Weeden v Armor Elevator Co.,* 97 AD2d 197).

On this record, each of the three prerequisites is met. No issue has been raised that the accident may have been caused by a defective component that would negate the first element required for *res ipsa (see, Koch v Otis Elevator Co.,* 10 AD2d 464).

Nor is there any contention that plaintiffs were contributorily at fault. With respect to the remaining element of exclusivity, the law is now well settled that this requirement is satisfied so long as it appears that the " 'negligence of which the thing speaks is probably that of defendant and not of another' " *(Weeden v Armor Elevator Co., supra,* at 206, quoting 2 Harper and James, Torts, § 19.7, at 1085). " 'Exclusivity' is a relative term, not an absolute." *(Supra,* at 206; *see also, Burgess v Otis Elevator Co., supra,* at 787.) Thus, in elevator accident cases, *res ipsa* can be applied where more than one defendant is in a position to exercise control *(see, Mallor v Wolk Props.,* 63 Misc 2d 187, 191).

On this record, we hold that the verdict of no liability as against defendant Admiral Elevator Corp. should not be disturbed. There was no error in the jury charge with respect to Admiral, and the trial testimony, that the probable cause of the malfunction was not under Admiral's contractual control, supports the jury's finding. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.