■ MYRON MYRON, Respondent, v MILLAR ELEVATOR INDUSTRIES, INC., Appellant and Third-Party Plaintiff, and 60 EAST 42ND STREET ASSOCIATES et al., Appellants, et al., Defendant. HELMSLEY-SPEAR, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Martin Stecher, J.), entered January 17, 1991 which set aside the jury verdict in defendants' favor and ordered a new trial as to all defendants except G.A.L. Manufacturing Corporation, unanimously affirmed, without costs or disbursements.

Plaintiff commenced this negligence action against the building owner, the elevator service company that maintained the elevator pursuant to a contract, and the manufacturer that built the elevator's safety lock. Plaintiff, an elevator operator, maintained that a safety lock on the lobby elevator shaftway door malfunctioned so as to allow him to fall into the shaftway and fracture a femur. Following the trial court's refusal to give a *res ipsa* charge with respect to the defendant-owner and the elevator maintenance company, the jury returned a verdict in defendants' favor. No issue is raised with respect to the dismissal of the products liability case against the manufacturer of the safety lock at the close of plaintiff's case. The trial court granted plaintiff's motion to set aside the verdict and directed a new trial due to its failure to give the requested *res ipsa loquitur* charge with respect to the elevator maintenance company and the building's owner.

The trial court properly set aside the jury's verdict because

plaintiff should have been given a *res ipsa loquitur* charge with respect to all defendants. The evidence adduced at trial revealed that a co-employee had opened the shaftway door and taken the elevator to a higher floor shortly before plaintiff's arrival. The safety lock mechanism was supposed to prevent the shaftway door from being opened if the elevator cab was not present. An explanation offered at trial for the failure of the mechanism to so operate was that dirt or dust had accumulated on the locking device and prevented the parts from making proper contact.

The occurrence of the door's opening without the presence of the elevator cab is sufficient to support the inference of negligence. The safety device in question was demonstrated to be within the "exclusive control" of defendant-owners and the maintenance company which undertook to discharge the owner's responsibility *(see, Burgess v Otis Elevator Co.,* 114 AD2d 784, *affd* 69 NY2d 623). In elevator accident cases, the doctrine of *res ipsa loquitur* can be applied where more than one defendant is in a position to exercise exclusive control. *(Duke v Duane Broad Co.,* 181 AD2d 589.) Evidence that plaintiff consumed two alcoholic beverages a few hours before the accident is not proof of intoxication *(see, Arroyo v City of New York,* 171 AD2d 541). Further, there was no proof offered that plaintiff had alcohol on his breath, alcohol in his blood or that he was in an intoxicated condition as to support the defense claim that plaintiff was contributorily negligent precluding application of the *res ipsa* charge *(see, Burgess v Otis Elevator Co., supra* at 790).

We have considered appellants' other arguments and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.