■ WEN-YU CHANG et al., Appellants, v F. W. WOOLWORTH Co., INC., et al., Respondents, et al., Defendant. [601 NYS2d 904] —Judgment, Supreme Court, New York County (Alfred Toker, J.), entered December 23, 1991, after a jury verdict, dismissing the complaint against defendants, and order, same court and Justice, entered January 29, 1992, denying plaintiffs' motion to set aside the verdict, unanimously reversed, on the law, the judgment vacated, and the matter remanded for a new trial, without costs.

This action was brought on behalf of a 3½-year-old girl injured when, as a passenger on the escalator operated by defendant Woolworth inside its retail premises, and maintained by defendant Westinghouse under a service contract with Woolworth, her right leg became wedged between the moving stairs and the side panel. We hold that the trial court erred in denying plaintiffs' request for a res ipsa loquitur charge.

As stated in *Ebanks v New York City Tr. Auth.* (70 NY2d 621, 623), a case involving a commuter's foot trapped between the side of an escalator step and the side panel, "Submission of a case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish three elements: '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' " *(See,* Prosser, Torts § 39, at 214 [4th ed].)

As to the second prong of this tripartite test, which is the central issue on this aspect of the appeal, we note that exclusivity of control is "a relative term, not an absolute", because the permissible inference of negligence under the res ipsa loquitur doctrine is grounded on the remoteness of any probability that the negligent act was caused by someone other than the defendant *(Weeden v Armor El. Co.,* 97 AD2d 197, 206). Thus, the doctrine of res ipsa loquitur can be applied even where more than one defendant is in a position to exercise exclusive control *(see, Myron v Millar El. Indus.,* 182 AD2d 558, 559; *Duke v Duane Broad Co.,* 181 AD2d 589, 591, *lv denied* 81 NY2d 703).

The decision in *Ebanks (supra,* at 623) was on the ground

that the defendant's exclusive control of a particular subway escalator had not been established: "The proof did not adequately refute the possibility that the escalator—located in a subway station used by approximately 10,000 persons weekly —had been damaged by a member of the public either through an act of vandalism or, as defendant's witness suggested, by permitting an object such as a hand truck to become caught in the space between the step and sidewall."

We do not read the memorandum of the Court of Appeals in *Ebanks* as forever removing escalator accidents from the ambit of res ipsa loquitur. We find several features which distinguish this case from *Ebanks,* even though the escalators in both were available to substantial public access. Among other things, the gap between the step and the side panel in the instant case is far smaller than the two-or-more-inch gap in *Ebanks,* and is therefore less likely to have been caused by vandalism. Moreover, unlike *Ebanks,* there was no testimony in this record that the gap could only have been created by vandalism; evidence of scratches on the side panel is simply consistent with how narrow the escalator was (passengers could only ride in single file), not that it had been vandalized. Also significant, in our view, is the undisputed fact that just a few hours before this accident occurred, Westinghouse had shut down the escalator to make inspection and repair, an unambiguous exercise of control greatly diminishing the possibility of vandalism as a causal factor.

In view of the foregoing, it is unnecessary to reach plaintiffs' alternative argument as to the weight of the evidence. Concur—Murphy, P. J., Carro, Wallach, Kassal and Nardelli, JJ.