■ DOMINIQUE REYES, an Infant, by Her Parent and Natural Guardian, LUCY REYES, et al., Appellants, v RENTAR DEVELOPMENT et al., Respondents. [615 NYS2d 425] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Shaw, J.), dated January 11, 1993, which granted the motion of the defendant Otis Elevator Corp. and the defendants Rentar Development and Albee Square Mall Associates for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs to Otis Elevator Corp.

The defendants met their initial burden of establishing their entitlement to summary judgment by submitting the deposition testimony of the infant plaintiffs' mother Lucy Reyes, who was completely unable to explain how the infant plaintiff's accident occurred, or to connect the accident to any negligence on the part of the defendants. The burden thus shifted to the plaintiffs to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Zuckerman v City of New York,* 49 NY2d 557, 562). However, the plaintiffs failed to submit any probative evidence in admissible form to support their claim that the infant plaintiff's injury was caused by a defect in an escalator owned and maintained by the defendants. In this regard, we note that the submission of a report which indicated that one of the escalators in the Albee Square Mall, where the accident occurred, had a broken "cone", but which did not indicate that this defect was related to the infant plaintiff's accident, was insufficient to raise a triable issue of fact as to negligent construction or maintenance of the escalator. Similarly, the submission of an aided report prepared by a police officer after the accident, which did not reveal the source of the information contained therein, was insufficient to defeat the motions for summary judgment. Accordingly, the Supreme Court properly awarded summary judgment in the defendants' favor *(see, Zuckerman v New York, supra,* at 557; *Rosenberg v Rockville Centre Soccer Club,* 166 AD2d 570). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.