■ RAYMOND RAIMONDI et al., Appellants, v NEW YORK RACING ASSOCIATION, Respondent. [624 NYS2d 273] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated December 30, 1993, which granted the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, for judgment during trial dismissing the complaint for failure to establish a prima facie case.

Ordered that the order is affirmed, with costs.

The instant action was commenced by the plaintiffs to recover damages sustained by the plaintiff Raymond Raimondi

when the seat in which he was sitting in the grandstand of the defendant's racetrack collapsed. At trial, after the plaintiff failed to present proof that the defendant had actual or constructive notice of any defect in the seat, the defendant moved for judgment as a matter of law. The plaintiff argued that no such evidence was necessary as the doctrine of res ipsa loquitur was applicable. The trial court disagreed and dismissed the complaint. We affirm.

It is well established that the submission of a case to the jury on a theory of res ipsa loquitur: "is warranted only when the plaintiff can establish the following elements: ' "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" ' *(Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430, *mod on remittitur* 21 NY2d 793 [quoting from Prosser, Torts § 39, at 218 (3d ed)]" *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226).

Here, the plaintiffs' proof failed to adequately satisfy the second element of "exclusive control". While it is true that a plaintiff need not establish that there was only a single person or entity in control of the item that caused the injury *(see, Butti v Rollins,* 133 AD2d 205), the evidence herein did not show control of the seat by the defendant of sufficient exclusivity to fairly rule out the chance that any purported defect in the seat was caused by some agency other than the defendant's negligence *(see, Dermatossian v New York City Tr. Auth., supra,* at 228). In this case involving a racetrack where thousands of people go every day, the proof did not adequately exclude the chance that the seat had been damaged by one or more of the defendant's patrons who were invited to use it *(see, Dermatossian v New York City Tr. Auth., supra; see also, Ebanks v New York City Tr. Auth.,* 70 NY2d 621; *Troisi v Merit Oil Co.,* 208 AD2d 615; *DeSimone v Inserra Supermarkets,* 207 AD2d 615; *Ventola v State of New York,* 38 Misc 2d 321, *affd* 21 AD2d 964; *cf., Finocchio v Crest Hollow Club,* 184 AD2d 491).

To the extent that *Sasso v Randforce Amusement Corp.* (243 App Div 552, 553) can be read to the contrary, we decline to follow it. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.