■ DOROTHY BONVENTRE, Appellant, v AUGUST MAX et al., Respondents. [645 NYS2d 867] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered April 11, 1995, which, upon granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law after the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the defendants' motion is denied, and a new trial is granted.

The plaintiff commenced this action claiming that she was injured while visiting the defendant August Max's store when a mirrored wall panel with shelves fell on her. Defendant Madesin General Contractor, Ltd. installed the panel. At trial, the plaintiff testified that just as she was leaving the store "something heavy fell on" her head. Immediately after the accident, she stated that the "panel was on the floor" as was broken glass. She also noted that "the wooden panel thing with the mirror on top cracked". At the conclusion of her case, the Supreme Court granted the defendants' motion for judgment as a matter of law. The plaintiff opposed the motion arguing that the case should be submitted to the jury under the doctrine of res ipsa loquitur.

It is well established that the submission of a case to the jury on a theory of res ipsa loquitur is warranted only when the plaintiff can establish the following elements: " '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff' " *(Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430, *mod on remittitur* 21 NY2d 793, quoting from Prosser, Torts § 39, at 218 [3d ed]; *see also, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226).

The question here is whether the plaintiff established the second element. The plaintiff need not have shown that the defendants were the only ones in control of the panel, but she must have shown that the defendants' control was of "sufficient exclusivity to fairly rule out the chance that any purported defect" was caused by some other agency *(Raimondi v New York Racing Assn.,* 213 AD2d 708, 709). This is not a case in which the public has such unfettered access to the instrumentality of the injury that the defendants' control was so insufficient that it did not warrant giving the case to the jury under a res ipsa loquitur charge *(see, Dermatossian v New York City Tr. Auth., supra).* While the public might have touched the shelving in question, that does not explain the collapse of the entire panel.

Since the elements necessary for submitting a case to the jury on a theory of res ipsa loquitur were established, the court erred in dismissing the action.

The plaintiff's remaining contentions are unpreserved for appellate review *(see,* CPLR 4110-b, 4017; *De Long v County of Erie,* 60 NY2d 296, 306; *Lavine v Lavine,* 127 AD2d 566). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.