■ JOHN McBEE, Respondent, v TOWN OF ISLIP, Appellant. [663 NYS2d 1004] —In an action to recover damages for personal injuries, the defendant Town of Islip appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 8, 1996, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained injuries to his right knee while playing basketball on a court located in a park in the Town of Islip (hereinafter the Town). The plaintiff claims that the injuries were sustained when he landed on his right foot after jumping for a shot. The backboard at which the plaintiff was shooting was supported by a pole which was mounted in the grassy area beyond the edge of the concrete basketball court. The plaintiff attributes his injuries to a gap in the concrete which surrounded the base of the pole, and seeks to recover damages on the ground that the missing "chunk" of concrete at the base of the pole constituted a hazardous condition. The Supreme Court denied the Town's motion for sum-

mary judgment dismissing the complaint, concluding that issues of fact existed as to whether the plaintiff assumed the risks associated with playing on the court, and whether the alleged defect was a proximate cause of the plaintiff's injuries.

The record indicates, however, that in his pretrial deposition testimony, the plaintiff was unable to recall or identify the place where his foot landed. The record is therefore devoid of any evidence that the alleged defect in the basketball court was a proximate cause of the plaintiff's injuries. Accordingly, the Town's motion for summary judgment should have been granted (*see, Zuckerman v City of New York,* 49 NY2d 557, 563; *Rosenberg v Rockville Centre Soccer Club,* 166 AD2d 570).

In light of our determination, we need not consider the Town's remaining contentions. Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.