■ SHANLEY WANG, an Infant, by His Mother and Natural Guardian YIN YE WANG, et al., Appellants, v ALEXANDER's DEPARTMENT STORE, INC., et al., Respondents, et al., Defendant. [668 NYS2d 104] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Milano, J.), dated January 10, 1997, which granted the respective motion and cross motion of the defendants Otis Elevator Co., Inc., and Alexander's Department Store, Inc., for summary judgment dismissing the plaintiffs' complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The respondents' submissions demonstrated that the plaintiffs were unable to establish how the infant-plaintiff's accident occurred or even to connect the accident to any negligence on the part of the respondents. The burden therefore shifted to the plaintiffs to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiffs failed to submit any probative evidence in admissible form to support their claim that the infant-plaintiff's injury was caused by a defect in an escalator (*see, Reyes v Rentar*

*Dev.*, 207 AD2d 336). The affidavit of the plaintiffs' expert which in substance consisted of sheer speculation as to any negligence on the part of the respondents and additionally failed to connect even that alleged negligence with the infant's injury was patently insufficient to meet the plaintiffs' burden (*see, Zuckerman v City of New York, supra*). The doctrine of res ipsa loquitur is inapplicable to the facts of this case as the plaintiffs failed to show with any certainty what caused the infant-plaintiff's injuries, or that the respondents had exclusive control of the alleged offending instrumentality (*see, Eaton v New York Cent. & Hudson Riv. R. R. Co.*, 195 NY 267; *Digelormo v Weil*, 260 NY 192; *Brathwaite v Equitable Life Assur. Socy.*, 232 AD2d 352; *cf., Kambat v St. Francis Hosp.*, 89 NY2d 489; *Wen-Yu Chang v Woolworth Co.*, 196 AD2d 708). Summary judgment was therefore properly granted in favor of the respondents (*see, Reyes v Rentar Dev., supra*). Joy, J. P., Krausman, Florio and McGinity, JJ., concur.