OPINION OF THE COURT
Martin Schneier, J.
This opinion supplements the court’s oral ruling made during trial.
The plaintiff alleges that she was injured when she sat on a chair that belonged to the defendant, a private art school, and the chair collapsed. The plaintiff maintains that the collapse of the chair was an accident that would not normally occur in the absence of negligence and, accordingly, requests that the court give the res ipsa loquitur charge (see, PJI 2:65). The defendant objects.
In order for the doctrine of res ipsa loquitur to apply, the following three elements must exist: (1) the event must be of a *55 kind which ordinarily does not occur in the absence of negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (Kambat v St. Francis Hosp., 89 NY2d 489, 494). The parties disagree on whether the chair was in the defendant’s exclusive control. The Appellate Division, Second Department, has provided the court with two clear, but conflicting, precedents.
In Finocchio v Crest Hollow Club (184 AD2d 491), the defendant alleged that she was injured when the chair in the defendant’s dining hall, in which she was sitting, collapsed. The Appellate Division reversed a defendant’s verdict on the ground that the trial court had improperly denied the plaintiff’s request for a res ipsa loquitur charge. The Court stated that: “[t]he refusal by the court to give the requested charge was based on an overly rigid interpretation of the requirement of exclusive control. As is generally understood, the purpose of this requirement is simply to eliminate, within reason, all explanations for the accident other than the defendant’s negligence. This does not mean that other possible causes must be altogether eliminated ‘but only that their likelihood must be so reduced that the greater probability lies at defendant’s door’ ” (184 AD2d, at 492, quoting Dermatossian v New York City Tr. Auth., 67 NY2d 219, 227).
On the other hand, in Raimondi v New York Racing Assn. (213 AD2d 708), the plaintiff was injured when his seat in the grandstand at defendant’s racetrack collapsed. There, the Appellate Division found that res ipsa loquitur was unwarranted because the evidence “did not show control of the seat by the defendant of sufficient exclusivity to fairly rule out the chance that any purported defect in the seat was caused by some agency other than the defendant’s negligence * * * In this case involving a racetrack where thousands of people go every day, the proof did not adequately exclude the chance that the seat had been damaged by one or more of the defendant’s patrons who were invited to use it” (213 AD2d, at 709).
Although these cases appear incompatible, their inconsistencies may be resolved by examining their antecedent cases. The Finocchio case (supra) is a descendant of Nosowitz v 75-76 Polk Ave. Corp. (34 AD2d 648). In Nosowitz, the plaintiff was allegedly injured when the defendant’s stool, on which he was standing to change a fuse, collapsed. The Court found that, because the defendant had provided the stool for that purpose, defen *56 dant was under an affirmative duty to use reasonable care to insure that the stool was safe for its intended purpose. Accordingly, the Court found that the res ipsa loquitur charge was appropriate.
This contrasts with the Dermatossian case (supra), which served as a precedent for Raimondi (supra). In Dermatossian, the Court noted that the passenger grab handle, which caused the accident on the defendant’s bus, was continuously available for use by all passengers, any one of whom could have damaged it. Accordingly, the Court found that the handle was not under the defendant’s exclusive control and, therefore, the res ipsa loquitur charge was uncalled for.
Thus, the court finds that at some point the possibility of damage by a third party, as noted in Dermatossian (supra), overcomes the affirmative duty of reasonable care that was set forth in Nosowitz (supra). Applying this logic to the case at bar, the court finds that the degree of control exercised by the defendant meets the exclusive control requirement. First, the court notes that the chair in question was located in a private setting; more akin to a dining hall then to a public place such as a racetrack or a bus. Furthermore, a chair in a private school or dining hall is presumably used by less people than a bus grab handle or the “thousands” that use a racetrack seat. Finally, bus grab handles and most racetrack seats are fixed in place. Chairs in schools or dining halls, on the other hand, are frequently stacked and moved by their owners which implies a greater degree of control by those owners. Accordingly, the court will charge the jury on the doctrine of res ipsa loquitur.