OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
Submission of a case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish the following elements: (1) the accident is of a kind that ordinarily does not occur in the absence of someone’s negligence; (2) the instrumentality causing the accident was within defendant’s exclusive *989 control; and (3) the accident was not due to any voluntary action or contribution by plaintiff (Dermatossian v New York City Tr. Auth., 67 NY2d 219, citing Corcoran v Banner Super Mkt., 19 NY2d 425, 430, mod on remittitur 21 NY2d 793; see also, Ebanks v New York City Tr. Auth., 70 NY2d 621, 623).
It is the second of the required three elements — exclusive control — which is critical here. The exclusive control requirement “ ‘is not an absolutely rigid concept, but is subordinate to its general purpose, that of indicating that it was probably the defendant’s negligence which caused the accident in question’ ” (Nesbit v New York City Tr. Auth., 170 AD2d 92, 98; Corcoran v Banner Super Mkt., supra; see also, Pavon v Rudin, 254 AD2d 143; Pollock v Rapid Indus. Plastics Co., 113 AD2d 520). In this case, the evidence indicated that it was “probably” the defendants’ negligence which caused the brake shoe to fly off the defendants’ moving train and hit the plaintiff on the head, and “probably” not the negligence of another. Thus, the subject res ipsa loquitur charge was appropriate.
Aronin, J. P., Scholnick and Patterson, JJ., concur.