■ JOHN P. HARVEY II, an Infant, by His Parent and Natural Guardian, JAMES HARVEY, et al., Appellants, v SILVER DOLLAR SHOWS, INC., et al., Respondents. [710 NYS2d 398] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 1, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff suffered a broken leg while on an amusement ride owned by the defendant William Lauther at a fair organized by the defendant Silver Dollar Shows, Inc. The infant plaintiff's hands and feet were inside the ride at all times, and he exhibited no signs of pain or discomfort during the ride. After the ride concluded, the infant plaintiff stumbled as he exited the car. His father stood him up on the platform surrounding the ride, and his leg buckled.

The defendants presented evidence in admissible form that the ride was not defective and was properly operated and maintained. This was sufficient to establish their entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiffs to demonstrate the existence of a material issue of fact (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

The plaintiffs asserted the doctrine of res ipsa loquitur to es-

tablish a prima facie case of negligence. However, this doctrine is inapplicable in this case, as the plaintiffs failed to show with any certainty what caused the infant plaintiff's injuries, and they have not eliminated within reason all possible causes of the accident other than the defendants' negligence (*see, Bass v Otis El. Co.,* 255 AD2d 284, 285; *Wang v Alexander's Dept. Store,* 247 AD2d 467; *Braithwaite v Equitable Life Assur. Socy.,* 232 AD2d 352, 353; *see also, Ebanks v New York City Tr. Auth.,* 70 NY2d 621, 623; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 228; *Meegan v Westbury Prop. Inv. Co.,* 234 AD2d 433; *Raimondi v New York Racing Assn.,* 213 AD2d 708). Since the plaintiffs failed to raise a material issue of fact, the court properly granted the defendants' motion for summary judgment (*see, Winegrad v New York Univ. Med. Ctr., supra*). Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.