■ BANCA DI ROMA, Appellant, v MUTUAL OF AMERICA LIFE INSURANCE COMPANY, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [793 NYS2d 341]—

Judgment, Supreme Court, New York County (Jane Solomon, J., and a jury), entered September 5, 2003, in favor of defendants Mutual of America Life Insurance Company, Inc., Turner Construction Company and the Turner Corporation, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for a new trial to include a jury charge on res ipsa loquitur.

In 1993, plaintiff purchased a nine-story building located at 34 East 51st Street and began making a total renovation and retrofit of the building. In 1992, defendant Mutual of America Life Insurance Company, Inc. (Mutual) purchased the adjoining

34-story building at 320 Park Avenue. In 1993, Mutual also began a total renovation of its building. Codefendants Turner Construction Company and the Turner Corporation (collectively Turner) were Mutual's general contractor.

On February 24, 1994, while renovations were still ongoing at both buildings, a wall on Mutual's building collapsed and debris and bricks from the collapse fell onto the recently installed roof of plaintiff's building. Turner, contrary to Building Code requirements, did not have any scaffolding or other protective devices installed to prevent damage to adjoining buildings from its construction, nor did it implement its site safety plan to protect plaintiff's building. After the incident, Turner hired a scaffolding company to put protective materials onto plaintiff's roof. However, shortly after the protective materials were erected, plaintiff's roof began leaking. There had been no reports of leaks in the building prior to that time. Subsequent investigation revealed that the protective materials further damaged the roof.

In order to rebuild the collapsed wall, which extended 25 stories above plaintiff's building and nine stories between the two buildings, Turner's workers used plaintiff's roof to work on the wall. Apparently they took no precautions to protect the roof during this construction. Plaintiff's building suffered further water damage when defendant's building's walls were hosed down after being rebuilt.

The trial court, after initially indicating that it would give a charge on res ipsa loquitur, declined to give such a charge to the jury, reasoning that defendants did not have exclusive control over the instrumentality causing the damage. A verdict in favor of defendants was returned with a finding that plaintiff failed to prove negligence.

A plaintiff seeking a charge on the theory of res ipsa loquitur must establish three elements: (1) the event must be of a kind that ordinarily would not occur absent negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not be due to any voluntary action or contribution on the part of the plaintiff (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227 [1986]). While the doctrine creates a prima facie case of negligence sufficient for submission to a jury, it does not create a presumption in favor of a plaintiff. Rather, it permits, but does not require a jury to draw the permissible inference of negligence (*id.* at 226).

In declining to give the res ipsa charge, the trial court focused on the second element of the res ipsa doctrine, exclusive control of the agency causing the damage or injury. However, "exclusiv-

ity" is a relative term, not an absolute (*Weeden v Armor El. Co.,* 97 AD2d 197, 206 [1983]). It does not require the elimination of all other possible causes of the incident but simply "a rational basis for concluding that 'it is more likely than not' that the injury was caused by defendant's negligence" (*Kambat v St. Francis Hosp.,* 89 NY2d 489, 494 [1997], quoting Restatement [Second] of Torts § 328D, Comment *e*). Nor does the doctrine require sole physical access to the instrumentality causing the injury, which can be applied in situations where more than one defendant can exercise exclusive control (*see Wen-Yu Chang v F.W. Woolworth Co.,* 196 AD2d 708 [1993]). The testimony elicited at trial showed that no protective measures were taken to prevent debris from falling on plaintiff's building during the construction of Mutual's building. This debris caused the damage to plaintiff's building. Turner was on the premises at the time of the incident and, pursuant to contract, had agreed to indemnify Mutual for any damage to property. The second element was clearly established by the evidence.

Further, the first and third elements were sufficiently established since it is uncontroverted that no protective devices were implemented to prevent damage to adjoining buildings as required by the New York City Administrative Code, and the event was clearly not due to any voluntary action or contribution on the part of the plaintiff.

The error of not charging res ipsa loquitur was not harmless. Here, where the reason the wall on Mutual's building collapsed was unknown, the trial court's refusal to charge res ipsa loquitur unduly prejudiced plaintiff, since it took away from the jury the choice of drawing the permissible inference of negligence from the circumstances of the incident. Concur—Mazzarelli, J.P., Saxe, Ellerin, Williams and Sweeny, JJ.