■ NATICHA RUIZ-HERNANDEZ, Respondent, v TPE NWI GENERAL, Appellant-Respondent/Third-Party Plaintiff-Appellant-Respondent. GUARDSMAN ELEVATOR CO., INC., Third-Party Defendant-Respondent-Appellant. [966 NYS2d 62]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 19, 2012, which denied the motion of defendant/third-party plaintiff TPE NWI General (General) for summary judgment dismissing the complaint, and denied the motion of third-party defendant Guardsman Elevator Co., Inc. (Guardsman) for summary judgment dismissing the third-party complaint, unanimously modified, on the law, Guardsman's motion granted to the extent that it sought dismissal of General's third-party claim for contractual indemnification, and otherwise affirmed, without costs.

Triable issues of fact exist as to whether General, the building's owner, and Guardsman, the elevator maintenance

contractor, had notice of the defective mechanism that allegedly caused the elevator to malfunction. Guardsman's "Trouble Site Report" indicates that on May 16, 2007, it installed a new IP-8300 relay, the "landing control system," and replaced that component on May 31, 2007, less than one month before plaintiff's accident. The installation and replacement of this component within the weeks immediately preceding plaintiff's accident raises a triable issue as to whether Guardsman had notice of the defective condition, and such knowledge is imputable to General as the premises' owner (*see Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC,* 99 AD3d 448, 450 [1st Dept 2012]).

Plaintiff also established that she is entitled to invoke the doctrine of res ipsa loquitur because the IP-8300 relay was exclusively within the control of General and Guardsman (*see DiPilato v H. Park Cent. Hotel, L.L.C.,* 17 AD3d 191 [1st Dept 2005]; *Myron v Millar El. Indus.,* 182 AD2d 558 [1st Dept 1992]), an elevator would not suddenly drop into a free fall in the absence of negligence (*see Stewart v World El. Co., Inc.,* 84 AD3d 491, 495 [1st Dept 2011]; *Williams v Swissotel N.Y.,* 152 AD2d 457, 458 [1st Dept 1989]), and the record gives no indication that plaintiff somehow contributed to the occurrence.

General's third-party claim against Guardsman for contractual indemnification should have been dismissed. Such provisions must be clear and unambiguous (*see Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 158-159 [1977]; *Susko v 337 Greenwich LLC,* 103 AD3d 434, 436 [1st Dept 2013]), and here, the parties cannot locate any written agreement and the testimony about the agreement's terms are insufficient to support a claim for contractual indemnification.

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2012 NY Slip Op 31059(U).]**