Mejia v Delgado (2018 NY Slip Op 02893)





Mejia v Delgado


2018 NY Slip Op 02893


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6382 157361/14

[*1]Letys Mejia, Plaintiff-Respondent,
v
Samuel Delgado, Jr., et al., Defendants-Appellants.


Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), for appellants.
Law Offices of Devon M. Wilt, New York (Devon M. Wilt of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 7, 2017, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish that the theory of res ipsa loquitur is inapplicable to this case (see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226-227 [1986]; Crawford v City of New York, 53 AD3d 462, 464 [1st Dept 2008]). They do not dispute that the wooden deck that collapsed has been in their exclusive control since 2009, when they purchased their house. They argue that the deck was not in their exclusive control when it was built, some time before 2009. However, since plaintiff alleges negligent maintenance only, it is immaterial that defendants were not in control of the deck before 2009. Plaintiff's expert opined that, while negligent design or construction was a possibility, negligent maintenance was the more likely cause of the collapse (see Banca Di Roma v Mutual of Am. Life Ins. Co., Inc., 17 AD3d 119, 121 [1st Dept 2005]). This conclusion is supported by the home inspection report and certificate of compliance issued at the time of purchase, which did not identify any structural issues relating to the deck, as well as by defendants' testimony that they had previously held several large parties on the deck without any issues arising, and did not inspect the deck or perform any structural repairs post-purchase.
The absence of any evidence that defendants had actual or constructive notice of a defect in the deck is not fatal to plaintiff's claim, because notice is inferred when the doctrine of res ipsa loquitur applies (see Ezzard v One E. Riv. Place Realty Co., LLC, 129 AD3d 159, 163 [1st Dept 2015]; accord Harmon v United States Shoe Corp., 262 AD2d 1010, 1011 [4th Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK