RONALD ERNISH et al., Respondents, v CITY OF NEW YORK et al., Appellants. [768 NYS2d 325]—

Judgment, Supreme Court, New York County (Emily Goodman, J.), entered February 28, 2003, which, to the extent appealed from as limited by defendants' briefs, directed a jury verdict at the close of trial evidence in plaintiffs' favor on the issue of liability pursuant to Labor Law § 240 (1), and entered judgment in favor of plaintiffs in the total sum of $3 million, apportioning liability as $1.1 million and $1.4 million, respectively, for past and 10 years of future pain and suffering, and on the derivative cause of action, $250,000 for past and $250,000 for 10 years of future loss of services, and denied defendants' motion to set aside the verdict, unanimously modified, on the facts, to vacate the awards for future pain and suffering and future loss of services, and to direct a new trial on the issues of such damages only, and otherwise affirmed, without costs, unless plaintiffs, within 20 days of service of a copy of this order with

notice of entry, stipulate to a reduction of the awards for future pain and suffering to $700,000 and for future loss of services to $125,000, and to the entry of an amended judgment in accordance therewith.

The injured plaintiff was an ironworker who, at the time of his accident, was tightening bolts with a hydraulic wrench on a reconstructed gangway at Pier 88, on Manhattan's West Side. Working with a partner at about 12 feet above ground level, plaintiff fell when the ladder and/or makeshift scaffold he was standing on collapsed. At the time, plaintiff was attempting to pass the head of the wrench to his partner. He placed his right foot on the ladder, while balancing the rest of his weight on the makeshift scaffold he had erected and secured to the boom of a stationary crane and the ladder and/or scaffold collapsed under his weight.

At the close of the evidence at trial, the court directed a verdict in plaintiffs' favor on the issue of liability pursuant to Labor Law § 240 (1). After the jury itemized damages, the court denied defendants' motion to set aside the verdict.

In order to prevail on a section 240 (1) claim, the injured worker must show that the violation of the statute was a proximate cause of his injuries (*Bland v Manocherian*, 66 NY2d 452 [1985]). Notwithstanding defendants' assertion to the contrary, there were no material inconsistencies between the injured plaintiff's deposition and his trial testimony so as to raise a question of fact for the jury's consideration. Plaintiffs demonstrated, under either "version" of the accident, that the makeshift scaffold and/or the ladder collapsed, and that he had no safety equipment, all of which contributed to his fall and resulting injuries (*see John v Baharestani*, 281 AD2d 114 [2001]). This constituted a prima facie showing of a statutory violation, proximately causing his injuries (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513 [1985]). Defendants, who presented no liability witnesses, failed to controvert this showing or to establish that either the scaffold or the ladder was "so constructed, placed and operated as to give proper protection" to this worker in accordance with section 240 (1). Moreover, defendants' attempt to argue plaintiff's misuse of the devices raises, at best, an issue of contributory negligence, which is not a defense to a section 240 (1) claim (*see Zimmer*, 65 NY2d at 521; *Hernandez v 151 Sullivan Tenant Corp.*, 307 AD2d 207, 208 [2003]). Even if the makeshift device collapsed because of plaintiff's faulty rigging of the scaffold to the boom of the crane, such contributory negligence would not preclude summary disposition in plaintiffs' favor on liability (*see Hauff v CLXXXII Via Magna Corp.*, 118 AD2d 485 [1986]).

On the issue of damages, the evidence at trial established that the 63-year-old ironworker sustained serious head injuries, as well as injuries to both shoulders and his right arm, when he fell to the concrete floor of the pier. Nevertheless, his present abilities and activities warrant the conclusion that the damages for future loss deviate materially from what is reasonable compensation under the circumstances to the extent indicated.

We have considered defendants' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.