(April 18, 2006)

■ KATHERINE ANGWIN, Appellant, v SRF PARTNERSHIP, LP, et al., Defendants, and INFINITE ACCESS & LOCKSMITH, Respondent. [813 NYS2d 773]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golar,. J.), dated May 26, 2004, as granted that branch of the motion of the defendant Infinite Access & Locksmith which was for summary judgment dismissing the complaint insofar as asserted against it and denied her cross motion for summary judgment against that defendant on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 11, 1996 the plaintiff, Katherine Angwin, an employee of Kinray, Inc. (hereinafter Kinray), allegedly was injured when a magnetic lock mounted above a door frame fell and struck her on the head. The lock had been installed as part of a card access security system by the defendant Infinite Access & Locksmith (hereinafter Infinite) in 1994 pursuant to a contract with the defendant Wells Fargo Alarm Services, Inc. (hereinafter Wells Fargo), which had been hired by Kinray to install a burglar alarm system at its premises. If the lock was installed without due care, as the plaintiff alleges, Infinite could be held liable to the plaintiff as the creator of the dangerous

condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]; *Martinez v White Cottage Enters.*, 2 AD3d 506 [2003]). However, the plaintiff failed, in opposition to Infinite's demonstration of its entitlement to judgment as a matter of law, to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The deposition testimony of Infinite's principal merely suggested, in a conclusory manner, a possible cause for the accident, and the plaintiff's reliance on that testimony therefore was insufficient to defeat the motion (*see Solow v Liebman*, 262 AD2d 633 [1999]). Since the claim that Infinite was negligent in failing to secure the lock with wire straps was raised for the first time in the reply papers submitted by the plaintiff in connection with her cross motion, it was properly not considered in opposition to Infinite's motion (*see Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]). Consequently, the plaintiff failed to establish her own entitlement to judgment as a matter of law as to the issue of liability.

Finally, the application of the doctrine of res ipsa loquitur was correctly rejected by the Supreme Court since Infinite did not have exclusive control of the lock (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]; *Fernandez v Ramos*, 300 AD2d 348 [2002]). During the two years that intervened between the installation of the lock and the accident, Kinray was in control of the premises, not Infinite, and the door in question was used on a daily basis by Kinray's employees. Accordingly, the Supreme Court properly granted that branch of Infinite's motion which was for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's cross motion for summary judgment on the issue of liability against Infinite. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.