ANATOLI MATSUR et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. (And Third-Party Actions.) [888 NYS2d 531]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated August 8, 2007, which, upon a jury verdict on the issue of liability finding that it was at fault in the happening of the accident, and upon a jury verdict on the issue of damages finding that the plaintiff Anatoli Matsur sustained damages in the sums of $1,200,000 for past pain and suffering and $1,000,000 for future pain and suffering, and that the plaintiff Tatiana Matsur sustained damages in the sum of $600,000 for loss of services, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service

upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages in favor of the plaintiff Anatoli Matsur for past pain and suffering from the sum of $1,200,000 to the sum of $750,000, and for future pain and suffering from the sum of $1,000,000 to the sum of $550,000, and to reduce the verdict as to damages in favor of the plaintiff Tatiana Matsur for loss of services from the sum of $600,000 to the sum of $200,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

The court did not err in denying the motion of the New York City Transit Authority (hereinafter NYCTA) for summary judgment, as NYCTA failed to establish that it was entitled to judgment as a matter of law on the issue of negligence.

At trial, the court properly submitted the theory of res ipsa loquitur to the jury. There was evidence that the light fixture which fell on the plaintiff Anatoli Matsur was installed by NYCTA, and its control was sufficiently exclusive to fairly rule out the chance that any defect was caused by some other agency (*see Bonventre v Max,* 229 AD2d 557, 558 [1996]). Since the light fixture was affixed to the ceiling, the possibility that a member of the public tampered with it could be fairly ruled out.

NYCTA's contention that the court erroneously granted a missing witness charge for an orthopedist who examined the plaintiff on NYCTA's behalf is without merit (*see Placakis v City of New York,* 289 AD2d 551 [2001]).

The damages awards were excessive to the extent indicated herein (*see Louis v Kimmelman,* 8 AD3d 206 [2004]; *Ernish v City of New York,* 2 AD3d 256 [2003]).

NYCTA's remaining contentions are without merit. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.