■ Sonia Quiroa, Appellant, v Edward Ferenczi, Respondent. [909 NYS2d 762]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated September 14, 2009, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she tripped and fell on an interior staircase at a premises owned by the defendant. The defendant moved for summary judgment based upon the deposition testimony of the parties and his mother, who managed the premises for the defendant. The deposition testimony of the plaintiff provided competent evidence that there was a defect in a railing at the defendant's premises which caused her to fall. The plaintiff further claimed that her boyfriend, in her presence, complained about the defect to the defendant's mother, who replied "I'll fix it, I'll fix it." Contrary to the defendant's contention, the plaintiff's testimony that she overheard her boyfriend's statements was admissible evidence that notice of the defect was in fact given, and not hearsay (*see*

*Dawson v Raimon Realty Corp.*, 303 AD2d 708, 709 [2003]; *Gelpi v 37th Ave. Realty Corp.*, 281 AD2d 392 [2001]; *People v Goodman*, 59 AD2d 896, 897 [1977]).

In view of the foregoing, the defendant failed to establish his entitlement to judgment as a matter of law. Accordingly, his motion for summary judgment dismissing the complaint should have been denied. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.