■ DELILAH MIRANDA, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Appellants. [913 NYS2d 705]—

In an action to recover damages for personal injuries, the defendants New York City School Construction Authority and Citnalta Construction Corp. appeal from an order of the Supreme Court, Kings County (Starkey, J.), dated November 24, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants New York City School Construc-

tion Authority and Citnalta Construction Corp. for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff, a school aide at the High School for Service and Learning in Brooklyn, was injured in the kitchenette area of the main office of the school. The kitchenette had been constructed during the prior summer break. As the plaintiff opened a cabinet directly over the sink, a piece of white sheet metal fell from the top of the cabinet and struck the plaintiff on her head and left wrist, causing her to sustain injuries. The plaintiff commenced this action against, among others, the New York City School Construction Authority and Citnalta Construction Corp. (hereinafter together the defendants) to recover damages for personal injuries.

The defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law by submitting evidence that the sheet metal which caused the plaintiff's injuries was not in any way connected to the construction and renovations performed at the school during the prior summer break (see Montalvo v Mumpus Restorations, Inc., 76 AD3d 516, 516-517 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is not applicable here. The evidence in the record demonstrates that the instrumentality that caused the plaintiff's injuries was not within the exclusive control of the defendants, who had already completed the construction work and left the area prior to the plaintiff's accident (see Park v Bay Crane, Inc., 49 AD3d 617, 618 [2008]; Angwin v SRF Partnership, LP, 28 AD3d 593 [2006]; Sowa v S.J.N.H. Realty Corp., 21 AD3d 893, 895 [2005]; Patrick v Bally's Total Fitness, 292 AD2d 433, 434-435 [2002]). Rather, the evidence showed that, at the time of the plaintiff's accident, the kitchenette area was under the control of the New York City Board of Education and its employees, and that prior to the plaintiff's accident, supplies had been moved into the kitchenette area by school personnel. Under these circumstances, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

In light of our determination, we need not reach the defendants' remaining contention. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.