*547 Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 12, 2012, which denied plaintiffs’ motion for summary judgment on the issue of liability as to the Labor Law § 240 (1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.
Defendants Schiavone Construction Co. and Granite Halmar Construction Company, a joint venture (Schiavone), were retained by the Transit Authority to build a new structural box and subway track at the South Ferry subway station. Schiavone hired third-party defendant Hayward Baker, Inc. to install subterranean mini-piles to support the existing railway structure and subway tunnel. Plaintiff Robert Boyd, a drill operating engineer, worked on a Hayward Baker crew that included dock builder foreman Wayne Clark and dock builder journeyman Russell Ellis. The crew was supervised by Gary Amato, Hayward Baker’s project superintendent.
The project used two drill rigs secured to Nolan carts with adjustable “chain binders” attaching chains to the front and rear of the cart. C-clamps were used to keep the carts from rolling on the tracks. Hammers and other drilling equipment were mounted to a boom attached to the drill rig, which was kept in a vertical position during drilling. The boom was lowered when the drill rig was being moved.
Clark and plaintiff testified at their depositions that before the accident Amato told the crew to start cleaning up and that they were going to use the drill rig as a crane to move material and equipment to another cart. Towards that end, the drill rig had to be pivoted so that it faced the other cart. Clark and plaintiff testified that to pivot the drill, the chain binder and chains securing the drill rig to the cart had to be removed.
After the chains were removed and the drill rig positioned for cleanup, Clark either received instructions or decided on his own to continue to drill. This required that the rig be pivoted again, a hammer affixed, and the boom plumbed (made vertical). With the chains still detached, plaintiff moved the boom to a vertical position. When Clark reached for a level, plaintiff, who testified that he was just standing on the cart waiting for the boom to be plumbed, felt the cart tip, and the drill rig fell toward him, knocked him off the cart and pinned him to the tracks below. Clark and plaintiff testified that the chains had to remain off for the boom to be plumbed.
After the accident, Amato saw that the chain securing the front end of the drill rig to the cart was not attached. Amato acknowledged at his deposition that the drill rig could not be *548 moved in any direction once it was chained. However, he claimed that to move the drill rig, plumb the mast, or remove or replace the hammer, the chains did not have to be removed but only had to be loosened enough to create a little play.
Henry R. Naughton, defendants’ professional engineer and engineering consultant, opined that the use of chains and chain binders to hold the drill rig to the Nolan carts and the use of c-clamps to secure the carts to the rail were reasonable and adequate protections for the workers while Hayward Baker installed mini-piles. Citing Clark’s initial testimony that plaintiff was the one who removed the chains, Naughton opined that the sole proximate cause of the accident was plaintiffs decision to operate the drill rig after removing, rather than loosening, the chains. In this regard, he stated that plaintiff’s testimony that he was not drilling and that his hands were off the controls in the instant before the drill rig became unstable was “questionable.”
Supreme Court denied plaintiffs’ motion for summary judgment, finding that there were triable issues of fact whether plaintiff was the sole proximate cause of his injuries. We now reverse.
The sole proximate cause defense generally applies where the worker misused, removed, or failed to use an available safety device that would have prevented the accident, or knowingly chose to use an inadequate device despite the availability of an adequate device (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). However, “[t]he Labor Law does not require a plaintiff to have acted in a manner that is completely free from negligence” (Kielar v Metropolitan Museum of Art, 55 AD3d 456, 458 [1st Dept 2008] [internal quotation marks omitted]) and “contributory negligence ... is not a defense to a section 240 (1) claim” (Ernish v City of New York, 2 AD3d 256, 257 [1st Dept 2003]).
Plaintiff did not unilaterally elect to remove the chains and chain binders. Clark, the dock builder foreman who had the discretion to make the determination in the field as to the manner in which the drill rig would be moved, determined that the drill rig could not be pivoted with the chain binders attached, a belief plaintiff shared (see Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750-751 [2d Dept 2009]; compare Plass v Solotoff, 5 AD3d 365, 366-367 [2d Dept 2004], lv denied 2 NY3d 705 [2004]). Although Amato testified that the chain should have been loosened, not removed, he was not present when the decision was made and defendants offered no evidence that workers were instructed to loosen rather than remove the *549 chains when they had to move the drill rig, plumb the mast, or remove or replace the hammer (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]).
Naughton’s affidavit does not suffice to raise a material issue of fact whether plaintiff was the sole proximate cause of his injuries. Naughton based his opinion on the assumption that plaintiff removed the chains himself. However, plaintiff testified that a dock worker, probably Clark, removed the chains. Although Clark testified initially that the chains were removed by plaintiff, he later conceded that he did not remember and that another member of the crew, or even Clark himself, may have removed them. Naughton’s opinion is also based on his belief that plaintiffs testimony that he was not operating the drill rig when it tipped is not credible. However, there is nothing in the record to controvert plaintiffs testimony that when the drill rig tipped, he was waiting for Clark to level the boom. Moreover, Naughton’s only reference to the notion that the chains should have been loosened, not removed, is an unsubstantiated statement in the “Wherefore” clause of his affidavit, and he does not address plaintiff and Clark’s testimony that the chains had to be removed in order to pivot the drill, install a hammer and plumb the boom. Concur—Tom, J.E, Andrias, Freedman and Gische, JJ.