**43** UTICA MUTUAL INSURANCE COMPANY, as Subrogee of Halina Darrow, et al., Appellants, v FORD MOTOR COMPANY et al., Defendants, and HASSETT LINCOLN-MERCURY SALES, INC., Respondent. [32 NYS3d 208]—

In an action to recover damages for injury to property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Marber, J.), dated April 10, 2014, which granted the motion of the defendant Hassett Lincoln-Mercury Sales, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Hassett Lincoln-Mercury Sales, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.

In 1996, the plaintiff Halina Darrow purchased a new Lincoln Town Car (hereinafter the vehicle) from the defendant Hassett Lincoln-Mercury Sales, Inc. (hereinafter Hassett). In 2007, Darrow received a recall notice from the defendant Ford Motor Company (hereinafter Ford) for a component of the vehicle's cruise control system. The recall notice said that Ford was concerned that a malfunction could cause an underhood fire, even when the vehicle was not being operated. The recall notice directed Darrow to promptly contact her dealer to have a recall service performed on the vehicle. Thereafter, in September 2007 and February 2008, Hassett performed the recall service on the vehicle. Despite this service, in October 2009, a fire ignited in the engine compartment of the vehicle

while it was parked in Darrow's garage, causing extensive damage to Darrow's home, the garage, and the vehicle itself.

The plaintiffs commenced the instant action against, among others, Hassett, alleging that Hassett negligently performed the recall service on the vehicle, and that Hassett was strictly liable for the sale of a defective product. Hassett moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted Hassett's motion, and the plaintiffs appeal.

Initially, we reject Hassett's contention that a prior order of the Supreme Court, Nassau County, dated May 9, 2013, constitutes the law of the case. That order did not address the precise question raised on Hassett's motion for summary judgment, and, in any event, this Court is not bound by the Supreme Court's prior order (*see Martin v City of Cohoes*, 37 NY2d 162 [1975]; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]; *Itamari v Giordan Dev. Corp.*, 298 AD2d 559 [2002]).

On the merits, the Supreme Court properly determined that Hassett established, prima facie, that its mechanics did not negligently perform the recall service on the vehicle and that its service on the vehicle was not a proximate cause of the fire (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). However, contrary to the determination of the Supreme Court, in opposition, the plaintiffs raised triable issues of fact as to whether Hassett negligently performed the recall service on the vehicle under a theory of res ipsa loquitur (*see Scordo v Costco Wholesale Corp.*, 77 AD3d 725, 728 [2010]; *Banca Di Roma v Mutual of Am. Life Ins. Co., Inc.*, 17 AD3d 119, 121 [2005]; *see also Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]), and whether Hassett's alleged negligence was a proximate cause of the fire (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Collins v City of New York*, 305 AD2d 529, 530 [2003]).

Further, contrary to the determination of the Supreme Court, the plaintiffs raised a triable issue of fact as to whether Hassett may be held strictly liable for the sale of a defective product (*see Sprung v MTR Ravensburg*, 99 NY2d 468, 473 [2003]; *Nickel v Hyster Co.*, 97 Misc 2d 770 [Sup Ct, Suffolk County 1978]; *cf. Levine v Sears Roebuck & Co.*, 200 F Supp 2d 180, 191-192 [ED NY 2002]).

Accordingly, the Supreme Court should have denied Hassett's motion for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.