■ Silvana Lococo, Respondent, v Mater Cristi Catholic High School et al., Appellants, et al., Defendant. [37 NYS3d 134]—

In an action to recover damages for personal injuries, the defendants Mater Cristi Catholic High School and St. John's Preparatory School appeal from (1) an order of the Supreme Court, Queens County (Livote, J.), dated May 22, 2014, which denied their motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, also dated May 22, 2014, which granted the plaintiff's motion for leave to amend the complaint to add as a defendant Paris Maintenance Company.

Ordered that the appeal from the second order dated May 22, 2014, is dismissed, as the appellants are not aggrieved by that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156 [2010]); and it is further,

Ordered that the first order dated May 22, 2014, is reversed, on the law, and the appellants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff, an employee of a nonparty catering company, allegedly was injured when she plugged an extension cord into an outlet located on the property of the appellants, Mater Cristi Catholic High School and St. John's Preparatory School (hereinafter together the school defendants).

The plaintiff commenced this action against the school defendants seeking damages for personal injuries, and alleged that the school defendants created or had notice of a defective condition regarding the extension cord. The school defendants moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, finding that while the school defendants established, prima facie, that they did not create or have actual or constructive notice of any defective condition, the plaintiff raised a triable issue of fact in opposition. We reverse.

"A defendant property owner who moves for summary judgment in a personal injury action arising from an alleged hazardous or defective condition on his or her property has the burden of establishing that he or she did not create the hazardous or defective condition or have actual or constructive notice of its existence" (Jackson v Conrad, 127 AD3d 816, 817 [2015]

[internal quotation marks omitted]). To establish that a defendant caused or created a hazardous or defective condition, the plaintiff must point to some affirmative act of negligence on the defendant's part (*see Cook v Rezende*, 32 NY2d 596, 598 [1973]). Actual notice may be delivered to a property owner either orally or in writing (*see Quiroa v Ferenczi*, 77 AD3d 901, 901 [2010]). "To provide constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (*Kulchinsky v Consumers Warehouse Ctr., Inc.*, 134 AD3d 1068, 1069 [2015], quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Farren v Board of Educ. of City of N.Y.*, 119 AD3d 518 [2014]).

Here, the school defendants established, prima facie, that they did not create or have actual or constructive notice of the alleged defective condition of the extension cord (*see Cook v Rezende*, 32 NY2d at 598; *Kulchinsky v Consumers Warehouse Ctr., Inc.*, 134 AD3d at 1069; *Quiroa v Ferenczi*, 77 AD3d at 901). In opposition, the plaintiff, who submitted no additional evidence, failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Moreover, the plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced. While the school defendants' lack of notice would not operate as a bar to the plaintiff's recovery if res ipsa loquitur applied (*see Levinstim v Parker*, 27 AD3d 698 [2006]; *Parsons v State of New York*, 31 AD2d 596 [1968]), the doctrine is not applicable under the circumstances herein. There is no proof that the school defendants supplied the subject extension cord, and in any event, the school defendants established that the area in which the extension cord was stored was not within their exclusive control, as the plaintiff's employer also had access to this area (*see Miranda v City of New York*, 79 AD3d 826, 827 [2010]; *Angwin v SRF Partnership, LP*, 28 AD3d 593, 594 [2006]; *Jansen v Roosevelt Union Free School Dist.*, 302 AD2d 495, 495-496 [2003]; *Patrick v Bally's Total Fitness*, 292 AD2d 433, 434 [2002]).

Accordingly, the Supreme Court should have granted the school defendants' motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.