■ Deborah Marinaro, Appellant, v Marie Reynolds et al., Defendants, and Patrick Sarubbi, as Executor of Camille Racioppi, Also Known as Camille Sarubbi, Deceased, Respondent. [59 NYS3d 87]—

Appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered October 7, 2015. The order granted the motion of the defendant Patrick Sarubbi, as the executor of the estate of Camille Racioppi, also known as Camille Sarubbi, deceased, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs,

and the motion of the defendant Patrick Sarubbi, as executor of the estate of Camille Racioppi, also known as Camille Sarubbi, deceased, for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiff allegedly was injured when ascending a stairway to a deck at the home of Camille Racioppi, also known as Camille Sarubbi (hereinafter the homeowner). According to the plaintiff, when she stepped on the first step of the stairway, the step lifted up like a seesaw, causing her to lose her balance and twist her foot. After her accident, the plaintiff observed that the underside of the step, now visible, was rotten and the nails were rusted and rotting. The plaintiff commenced this personal injury action against, among others, the homeowner. The homeowner thereafter died, and Patrick Sarubbi, as the executor of her estate (hereinafter the defendant), was substituted for her as a defendant. The defendant subsequently moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion, and the plaintiff appeals.

A defendant property owner moving for summary judgment in a personal injury action arising from an alleged defective condition on the property has the initial burden of establishing that he or she neither created the hazardous condition, nor had actual or constructive notice of its existence (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Lococo v Mater Cristi Catholic High Sch.*, 142 AD3d 590, 590 [2016]; *Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d 705, 705 [2014]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d at 837; *see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *see Spindell v Town of Hempstead*, 92 AD3d 669, 671 [2012]).

Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the homeowner did not create or have actual or constructive notice of the defect in the deck step, which was latent and not discoverable upon a reasonable inspection (*see Carrillo v Circle Manor Apts.*, 131 AD3d 662, 664 [2015]; *Nicoletti v Iracane*, 122 AD3d 811, 812 [2014]; *Hoffman v Brown*, 109 AD3d 791, 792 [2013]). In opposition, the plaintiff failed to raise a triable

issue of fact on these issues. The Supreme Court properly determined that the plaintiff failed to establish that the homeowner was on notice that the deck step might be needed for future litigation at the time the deck was removed (*see Lovell v United Skates of Am., Inc.*, 28 AD3d 721, 721 [2006]). In any event, even if an inference in the plaintiff's favor on the condition of the deck step was warranted due to spoliation (*see generally Morales v City of New York*, 130 AD3d 792, 795 [2015]), the defendant does not dispute the plaintiff's description of the condition of the step, which was consistent only with a latent condition. Moreover, the hearsay statement of the homeowner's son to the effect that the homeowner had prior actual notice of the rotted condition of the step was not admissible as an excited utterance (*see Tyrrell v Wal-Mart Stores*, 97 NY2d 650, 652 [2001]), and, therefore, was insufficient to raise a triable issue of fact on the issue of notice (*see Rallo v Man-Dell Food Stores, Inc.*, 117 AD3d at 706; *Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]).

However, contrary to the Supreme Court's determination, the plaintiff raised a triable issue of fact as to the application of the doctrine of res ipsa loquitur (*see Utica Mut. Ins. Co. v Ford Motor Co.*, 139 AD3d 718, 719 [2016]). "Under appropriate circumstances, the evidentiary doctrine of res ipsa loquitur may be invoked to allow the factfinder to infer negligence from the mere happening of an event" (*States v Lourdes Hosp.*, 100 NY2d 208, 211 [2003]). A plaintiff makes a prima facie case of negligence under res ipsa loquitur by establishing three elements: " '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff' " (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006], quoting *Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]). Res ipsa loquitur does not create a presumption of negligence; rather, it is a rule of circumstantial evidence that permits, but does not require, the jury to infer negligence (*see Morejon v Rais Constr. Co.*, 7 NY3d at 211; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226-227 [1986]).

Here, the defendant contends that the plaintiff failed to raise an issue of fact as to the applicability of the doctrine because the homeowner did not have exclusive control over the deck steps. However, the concept of exclusive control does not require rigid application, since the general purpose of the element is to indicate from the circumstances that it was proba-

bly the negligence of the defendant, rather than another, which caused the accident (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d at 227; *Payless Discount Ctrs. v 25-29 N. Broadway Corp.*, 83 AD2d 960, 961 [1981]). Although there was evidence that other guests used the deck steps, the steps were located on private residential property, not an area open to the general public (*cf. Dermatossian v New York City Tr. Auth.*, 67 NY2d at 228; *Espinal v Six Flags, Inc.*, 122 AD3d 903, 904 [2014]). Under these circumstances, the plaintiff raised a triable issue of fact as to the homeowner's exclusive control of the deck step and whether an inference of negligence is warranted under the doctrine of res ipsa loquitur (*see Herbst v Lakewood Shores Condominium Assn.*, 112 AD3d 1373, 1374-1375 [2013]; *Hoffman v United Methodist Church*, 76 AD3d 541, 543 [2010]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.