Brennan v Wappingers Cent. Sch. Dist. (2018 NY Slip Op 05745)





Brennan v Wappingers Cent. Sch. Dist.


2018 NY Slip Op 05745


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-00401
2017-04896
 (Index No. 985/14)

[*1]Thomas Brennan, appellant, 
v
Wappingers Central School District, respondent.


Michael F. X. Ryan, Cortlandt Manor, NY (John J. Leen and Jeffrey Rizzo of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Edward F. Kealy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated December 14, 2016, and (2) an order of the same court dated April 7, 2017. The order dated December 14, 2016, granted the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability and to impose sanctions for spoilation of evidence. The order dated April 7, 2017, denied the plaintiff's motion for leave to reargue and renew his cross motion and his opposition to the defendant's motion.
ORDERED that the appeal from the order dated April 7, 2017, is dismissed as abandoned; and it is further,
ORDERED that the order dated December 14, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action against the defendant, Wappingers Central School District (hereinafter the School District), seeking to recover damages for personal injuries he allegedly sustained when he was performing subcontract work at a school located within the School District. According to the plaintiff, he was injured when a chair on which he was sitting collapsed during his lunch break. The chair was in the custodian's break room in the school. The plaintiff alleged that the School District had actual or constructive notice of the defective chair that caused his injuries, and he invoked the doctrine of res ipsa loquitur.
After discovery, the School District moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the issue of liability. In an order dated December 14, 2016, the Supreme Court granted the School District's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion. Thereafter, in an order dated April 7, 2017, the court denied a motion by the plaintiff for leave to renew and reargue his cross motion and his opposition to the School District's motion. The [*2]plaintiff appeals from both orders, but has not raised any arguments in his brief as to the order dated April 7, 2017.
As a general rule, "[a] landowner has a duty to maintain its premises in a reasonably safe manner and, thus, may be found liable if it created or had actual or constructive notice of the alleged defective condition" (Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763, 764 [citation omitted]; see Colella v Marolla, 299 AD2d 515; Price v EQK Green Acres, 275 AD2d 737; Robinson v Lupo, 261 AD2d 525). On a motion for summary judgment dismissing a complaint for lack of actual or constructive notice, the defendant has the initial burden of establishing, prima facie, the absence of notice of the condition for a sufficient length of time to discover and remedy the condition (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Giulini v Union Free School Dist. #1, 70 AD3d 632, 633).
The School District established its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that it did not have actual or constructive notice of any defect in the chair (see Marricco v Best Plumbing Supply, Inc., 125 AD3d 826, 827; Quinones v Federated Dept. Stores, Inc., 92 AD3d 931, 932). Since the plaintiff presented only unsubstantiated hearsay in opposition to the School District's motion, he failed to raise a triable issue of fact (see Nucci v Proper, 95 NY2d 597, 602; Weinstein v Nicolosi, 117 AD3d 1036, 1037; Roche v Bryant, 81 AD3d 707, 708; Allstate Ins. Co. v Keil, 268 AD2d 545).
Moreover, contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is inapplicable, because one of the required factors for the doctrine to apply—that the instrumentality of the injury was in the exclusive control of the School District— cannot be established. The chair was located in the custodian break room accessible to third-party contractors of the School District, giving numerous people access to it (see Ebanks v New York City Tr. Auth., 70 NY2d 621, 623; Lococo v Mater Cristi Catholic High School, 142 AD3d 590, 591; Miranda v City of New York, 79 AD3d 826, 827).
The plaintiff's appeal from the order dated April 7, 2017, denying his motion for leave to renew and reargue, must be dismissed as abandoned, as the brief submitted by the plaintiff does not seek reversal or modification of any portion of that order (see Flink v Flink, 92 AD3d 833, 834). In any event, the portion of the order which denied that branch of the plaintiff's motion which was for leave to reargue is not appealable (see Matter of New S. Ins. Co. v Rosado, 125 AD3d 867).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court