Dilligard v City of New York (2019 NY Slip Op 02064)





Dilligard v City of New York


2019 NY Slip Op 02064


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-00018
 (Index No. 26014/11)

[*1]Adelaide Dilligard, respondent,
v
City of New York, et al., appellants.


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Diana Lawless of counsel), for appellant.
Berkowitz & Weitz, P.C., New York, NY (Andrew D. Weitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 4, 2016. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability and denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability is denied, and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is granted.
The plaintiff was a public school teacher employed by the defendant New York City Department of Education (hereinafter the DOE), an agency of the defendant City of New York. The plaintiff allegedly was injured when the face plate of an air-conditioning unit in her classroom fell on her head and right hand. The plaintiff commenced this action against the City and the DOE to recover damages for the personal injuries she allegedly sustained.
The plaintiff testified at her deposition that she was administering a test to her special education students when a student entered the classroom late. The student was disruptive and eventually "stormed out" of the classroom, "slamming" the door behind her. The plaintiff used the telephone in the classroom to call the school office about the disruptive student. While the plaintiff was on the telephone, the face plate of the overhead air-conditioning unit, which was in the window above her, fell and struck her.
According to the deposition testimony of Edward Perez, the custodian engineer at the school, the air conditioning unit was not regularly inspected by the DOE, or by outside contractors. He testified that DOE employees changed the air filters of the air conditioners in the school once per year, at the end of May, approximately 10 months prior to the accident. DOE employees do not otherwise inspect, maintain, or repair the air conditioners. If a report is made that an air conditioner [*2]is not working, a private contractor is called to fix or replace the unit.
The plaintiff moved for summary judgment on the issue of liability based on the doctrine of res ipsa loquitur. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal from so much of the order as granted the plaintiff's motion and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the City.
To establish a prima facie case of negligence under the doctrine of res ipsa loquitur, a plaintiff must establish that (1) the event is of a kind that ordinarily does not occur absent negligence; (2) the event was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the plaintiff did not voluntarily create or contribute to the event (see James v Wormuth, 21 NY3d 540, 546; Marinaro v Reynolds, 152 AD3d 659, 661). The doctrine allows the finder of fact to infer that the defendant was negligent, but does not require that it do so (see Morejon v Rais Constr. Co., 7 NY3d 203, 209; Marinaro v Reynolds, 152 AD3d at 661). Res ipsa does not create a presumption of negligence (Marinaro v Reynolds, 152 AD3d at 661). "In those cases where conflicting inferences may be drawn, choice of inference must be made by the jury'" (Kambat v St. Francis Hosp., 89 NY2d 489, 495, quoting Foltis, Inc. v City of New York, 287 NY 108, 118). "[O]nly in the rarest of res ipsa loquitur cases may a plaintiff win summary judgment" (Morejon v Rais Constr. Co., 7 NY3d at 209). Summary judgment is appropriate in res ipsa cases only where "the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (id.). Res ipsa "does not ordinarily or automatically entitle the plaintiff to summary judgment . . . even if the plaintiff's circumstantial evidence is unrefuted" (id.).
Here, although the plaintiff demonstrated, prima facie, that a face plate falling off an air conditioner is an event of a kind that ordinarily does not occur absent negligence (see Matsur v New York City Tr. Auth., 66 AD3d 848, 849; Bonventure v Max, 229 AD2d 557, 558), the defendants raised a triable issue of fact as to whether the face plate could have fallen off the air conditioner because of the slamming of the door and not as a result of negligence (see Imhotep v State of New York, 298 AD2d 558, 559).
Furthermore, while the plaintiff demonstrated, prima facie, that the elevated air-conditioning unit was in the defendants' exclusive control (see Fields v King Kullen Grocery Co., 28 AD3d 513, 514), the defendants raised a triable issue of fact through their submissions, which demonstrated that outside contractors were responsible for the repairs and installations of air conditioning units in the school. Exclusive control is not established when third-party contractors have access to an instrumentality causing injuries (see Brennan v Wappingers Cent. Sch. Dist., 164 AD3d 640; see also Lococo v Mater Cristi Catholic High School, 142 AD3d 590, 591).
The plaintiff argues that even if she failed to demonstrate her prima facie entitlement to judgment as a matter of law under the res ipsa loquitur doctrine, she is entitled to summary judgment because the defendants created the dangerous condition and had constructive notice of the defect. This contention, however, was not raised in the plaintiff's motion papers, and therefore, is not properly before this Court (see Rotundo v S & C Magnetic Resonance Imaging, 255 AD2d 573, 574; see also 159 MP Corp. v Redbridge Bedford, LLC, 160 AD3d 176, 186; Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889). Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been denied.
With respect to their cross motion, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the City by showing that the accident occurred on public school premises, and that the City does not operate, maintain, or control the public schools (see Mosheyev v New York City Dept. of Educ., 144 AD3d 645, 646; Falzone v City of New York, 128 AD3d 889, 890; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 953; Cohen v City of New York, 119 AD3d 725, 725-726). In opposition, the plaintiff failed to raise a triable issue of fact as to the City's liability. Accordingly, the branch [*3]of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the City should have been granted.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court