Bicchetti v Atlantic Toyota (2023 NY Slip Op 03219)

Bicchetti v Atlantic Toyota

2023 NY Slip Op 03219

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04455
 (Index No. 605138/16)

[*1]Kathleen Bicchetti, et al., appellants,
v
Atlantic Toyota, et al., respondents.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Harold A. Campbell of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated June 1, 2020. The order denied the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.
On January 23, 2014, the defendants performed a multipoint inspection and tire rotation on the plaintiffs' vehicle, which required the tires to be removed and reattached. Upon receipt of the vehicle after the service was completed, the plaintiff Kathleen Bicchetti (hereinafter the injured plaintiff) departed from the defendants' property in the vehicle and drove along Sunrise Highway, at which point the right rear tire detached from the vehicle, causing the vehicle to crash into a snowbank. The odometer readings showed that the vehicle had traveled approximately two miles from the defendants' property.
In 2016, the plaintiffs commenced separate actions, which were subsequently consolidated, against the defendants, alleging that the defendants negligently serviced and replaced the tire on the vehicle and proximately caused the accident. Following depositions of the injured plaintiff and a representative of the defendants, the plaintiffs moved for summary judgment on the issue of liability under the doctrine of res ipsa loquitur. In opposition, the defendants contended, inter alia, that the plaintiffs failed to establish the defendants' exclusive control of the vehicle. By order dated June 1, 2020, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
For the doctrine of res ipsa loquitur to apply, a plaintiff must establish three conditions: "[f]irst, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff" (Kambat v St. Francis Hosp., 89 NY2d 489, 494; see Berlich [*2]v Maimonides Med. Ctr., 208 AD3d 1148, 1149; Marinaro v Reynolds, 152 AD3d 659). Regarding the second element, exclusive control is not a rigid rule and has been applied in circumstances when "the accident occurred after the instrumentality left the defendant's control, where it was shown that the defendant had exclusive control at the time of the alleged act of negligence" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 227; see Marinaro v Reynolds, 152 AD3d at 659). The plaintiff does not need to eliminate all other causes, but, rather, must show that their likelihood is reduced so that the defendants' conduct is more probably the cause (see Dermatossian v New York City Tr. Auth., 67 NY2d at 227; Finocchio v Crest Hollow Club at Woodbury, 184 AD2d 491, 492). The plaintiff must show that the defendant's control was sufficiently exclusive to fairly rule out some other agency causing the purported defect (see Bonventre v Max, 229 AD2d 557, 558; Raimondi v New York Racing Assn, 213 AD2d 708, 709; see also Matsur v New York City Tr. Auth., 66 AD3d 848). Once the plaintiff satisfies the burden of proof on these three elements, the doctrine of res ipsa loquitur permits the factfinder to infer negligence (see Berlich v Maimonides Med. Ctr., 208 AD3d at 1149; Smith v Sommer, 189 AD3d 906, 908).
Here, the plaintiffs established, prima facie, that a tire detachment, such as the one at issue here, does not occur in the absence of negligence (see Pollock v Rapid Indus. Plastics Co., 113 AD2d 520, 524). Furthermore, the plaintiffs established, prima facie, that the vehicle was in the defendants' exclusive control at the time of the alleged act of negligence (see Dermatossian v New York City Tr. Auth., 67 NY2d at 227; Marinaro v Reynolds, 152 AD3d at 659) and that the plaintiffs did not contribute to the event (see Corcoran v Banner Super Mkt., 19 NY2d 425, 430; see also DiGiacomo v Cabrini Med. Ctr., 21 AD3d 1052). In opposition to the plaintiffs' prima facie showing, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557; Pierre v Demoura, 148 AD3d 736, 737; Morales v Amar, 145 AD3d 1000, 1002).
On this record, "the plaintiff[s'] circumstantial proof is so convincing and the defendant[s'] response so weak that the inference of defendant[s'] negligence is inescapable" (Morejon v Rais Constr. Co., 7 NY3d 203, 209). Accordingly, since this is the type of "rare" and "exceptional" res ipsa loquitur case "in which no facts are left for determination" (id. at 209, 212), the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability.
The plaintiffs' remaining contention need not be reached in light of our determination.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court